IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LONNIE B. PORTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, and JOHN DOES 1–9<br><br>　　　　Defendants. | CV 24-63-BLG-TJC<br><br><br><br>**ORDER** |

　　　　Plaintiff Lonnie B. Porter, a self-represented litigant, filed a Complaint on June 3, 2024, naming Defendants U.S. Department of Justice and Federal Bureau of Prisons (collectively, "the United States") and John Does 1–9.  (Doc. 1.)

　　　　On November 4, 2024, the United States filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure. (Doc. 2.)  As provided by the Local Rules of this District, "[r]esponses to motions to dismiss . . . must be filed within 21 days after the motion was entered in the docket."  D. Mont. L.R. 7.1(d)(1)(B)(i).  Accordingly, Porter's response to the United States' motion was due on November 25, 2024.

　　　　On April 3, 2025, with more than four months having elapsed since Porter was required to file his response, the Court issued an Order To Show Cause

1

directing Porter to appear in writing on or before May 5, 2025, to show cause, if any, why this case should not be dismissed for failure to prosecute and failure to respond to the United States' motion to dismiss. (Doc. 7.)

The May 5 deadline has now passed, and Porter has not responded to the Court's Order To Show Cause. Accordingly, the Court finds that Porter's Complaint is subject to dismissal on two grounds.

First, a plaintiff's failure to respond to a motion to dismiss constitutes a failure to prosecute his case—grounds for which an action may be dismissed. *See, e.g.*, *Calip v. Soc. Sec. Admin.*, 2014 WL 3421147, at *2 (N.D. Cal. July 14, 2014); *Smith v. United States*, 2007 WL 505067, at *1 (D. Ariz. Feb. 14, 2007). In other words, even though a plaintiff's failure to oppose a Rule 12 motion is not, by itself, grounds to dismiss a complaint, *see Singh v. Collectibles Mgmt. Res.*, 2016 WL 5846997, at *2 n.1 (E.D. Cal. Oct. 5, 2016) (collecting cases), "[i]t is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution," *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Here, Porter has neither acknowledged the motion to dismiss pending in this case since November 2024, nor taken any other steps to advance the case since filing his Complaint nearly one year ago. Porter has unequivocally failed to prosecute this action.

Second, failure to comply with a court order constitutes its own grounds for dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). In determining whether to dismiss a case in such circumstances, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id. See also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Failure to follow a district court's local rules is [also] a proper ground for dismissal.").

Here, the *Ferdik* factors instruct that this action should be dismissed. First, although public policy would otherwise favor the disposition of this matter on its merits, it is not apparent that this case will ever reach such a disposition, given Porter's apparent disinterest in prosecuting it. Further, the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket favor dismissal in circumstances where a plaintiff shows no interest in reaching such a resolution. Additionally, there is a risk of prejudice to the United States if the case is not dismissed because its ability to defend itself may be impaired as time passes. Finally, the Court previously attempted the less drastic alternative of ordering Porter to show cause after his failure to respond to the United States' motion to dismiss, but the Court's Order To Show Cause was also ignored.

In conclusion, dismissal is warranted due to Porter's failure to prosecute the case and his failure to comply with the Court's Order To Show Cause.

Accordingly, IT IS ORDERED that Porter's Complaint is DISMISSED without prejudice.

DATED this 12th day of May, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge